UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES ALLEN LEGER** | **CASE NO. 5:20-CV-01207** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CITY OF SHREVEPORT, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

James Allen Leger ("Plaintiff"), who is self-represented, filed this civil action against the City of Shreveport and Mayor Adrian Perkins. The complaint does not assert a colorable federal claim, and there is no indication of diversity of citizenship. For the reasons that follow, it is recommended that the complaint be dismissed for lack of subject matter jurisdiction.

### Relevant Facts

Plaintiff alleges that he was walking on the river-walk behind the Shreveport aquarium at about 2:00 a.m. on September 30-31, 2019. He encountered a four-foot drop onto concrete in an area with no lighting, and he fell and broke his left leg. Plaintiff asks for compensation for his broken leg and the loss of his job at the Cotton Boll Grill.

### Analysis

**A. Introduction**

Plaintiff is proceeding in forma pauperis, and this court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. *Humphries v. Various Federal U.S. INS Employees*, 164 F.3d 936, 941 (5th Cir. 1999).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." *Id*. There is a presumption that a suit lies outside that limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. *Settlement Funding, LLC v. Rapid Settlements, Limited*, 851 F.3d 530, 537 (5th Cir. 2017).

The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. A review of the record indicates that neither of those grounds for jurisdiction exists in this case.

**B. Diversity Jurisdiction**

Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

Plaintiff does not specifically allege the state in which he is domiciled, which determines his state of citizenship. But every indication in the complaint is that he is a citizen of Louisiana. He worked at a restaurant in Shreveport, was injured in Shreveport, and is now in a Bossier Parish jail based on an arrest about a month after the accident. Plaintiff alleges that he was "homeless living on the street" at the time of that arrest. The City of Shreveport and Mayor Perkins are also Louisiana citizens, so there is no basis for diversity jurisdiction.

**C. Federal Question Jurisdiction**

The complaint also lacks a basis for the exercise of federal question jurisdiction under Section 1331. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. *Gutierrez v. Flores*, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. *In re: KSRP, Ltd.*, 809 F.3d 263, 267 (5th Cir. 2015), citing *Bell v. Hood*, 66 S.Ct. 773 (1946).

Plaintiff filed his complaint on a form provided to prisoners for filing civil rights claims based on 42 U.S.C. § 1983. There is, however, no colorable basis for a Section 1983 claim in this case. Plaintiff does not allege that the city or mayor violated his civil rights. He merely asserts a negligence claim, but Section 1983 does not provide a cause of action against a government official for a mere negligent act that causes unintended injury. *Daniels v. Williams*, 106 S.Ct. 662 (1986) (affirming dismissal of inmate's claim that he slipped on a pillow negligently left on the stairs by a deputy); *Andrews v. Belt*, 274 Fed. Appx. 359, 360 (5th Cir. 2008) ("Andrews's assertion that the defendant may have known about the leaky toilet but failed to repair it at most alleges negligence, which is not actionable under § 1983").

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction. It is possible that he has asserted state law claims against his fellow

Louisiana citizen, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Guiterrez*, 543 F.3d at 252, quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). There may be a proper court or forum for Plaintiff to seek relief on state law claims,[1] but this federal court is not it.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[1] Louisiana law ordinarily requires that negligence or other tort claims be filed within one year after the aggrieved party has actual or constructive knowledge of the facts that would entitle him to bring suit. La. Civ. Code art. 3492. The filing of this federal suit likely does not interrupt the one-year period because this is not a court of competent jurisdiction. *See* La. Civ. Code art. 3462. If Plaintiff wishes to avoid having his claim become time-barred, he should file a petition in the appropriate Louisiana state court before the one-year prescription period ends.

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 22nd day of September 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE